UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Delbert Evans, et al., | No. C 09-5227 JL |
|     Plaintiffs, | |
| v. | **Referral for Reassignment with Recommendation that IFP Application be denied** |
| James E. Anderson, Sr., | |
|     Defendant. _____/ | |

    Defendant in an action filed in Alameda County Superior Court timely removed the action, asserting that the nature of the claims purport to arise under the Constitution and laws of the United States. Plaintiffs had alleged *inter alia* that Defendant's use of a civil harassment restraining order in the course of a dispute over the assets and governance of a church had deprived them of their First Amendment rights. Defendant upon removal filed an application to proceed *in forma pauperis.*

    According to the federal code, "the clerk of each district court shall require the parties instituting any civil action, suit or proceeding . . . to pay a filing fee of $350." 28 U.S.C. § 1914(a). In the alternative, "any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that . . . the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1).

This statute, as explained by the Supreme Court, was intended to guarantee that no person "shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. Dupont Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed. 43 (1948) (citing predecessor to § 1915(a)).

It has been held that "one need not be absolutely destitute to obtain benefits of the in forma pauperis statute". *Jefferson v U.S.A.*, 277 F.2d 723, 724 (9th Cir. 1960). Yet, a "showing of something more than mere hardship must be made." *Martin v. Gulf States Utilities Co.,* 221 F.Supp. 757, 759 (W.D. LA 1963). And wherever upon the spectrum a complainant may fall, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *Jefferson*, 277 F.2d at 725.

A court may grant an application to proceed *in forma pauperis* by a removing defendant, where the defendant meets the other requirements of 28 U.S.C. §1915(a)

Ordinarily a petition for removal must be accompanied by payment of a bond, but an indigent defendant may be relieved of the bond requirement. While section 1446(d) involves mandatory language ("Each petition for removal ... shall be accompanied by a bond ..."), the language of section 1915(a) is discretionary ("A court ... may authorize the ... defense of any suit ... without prepayment of fees and costs or security therefore ..."). For example, in *Pasquarella*, an action was brought in state court for rent and other relief. Defendants sought to remove the action to district court and obtained leave to proceed *in forma pauperis* under section 1915(a). They did not file the removal bond required by section 1446(d). Plaintiffs objected because of this failure. The district court, holding that defendants were not relieved of the obligation to file the bond, ordered them to post it. The circuit court, in reversing the district court's order, construed section 1446(d) in pari materia with section 1915(a). It held that the removal bond was within the scope of the permissive waiver effected by section 1915(a), notwithstanding the mandatory language of section

1446(d). Relying on the fact that the benefit for indigents waives other mandatory provisions in the Code, the court stated:

> Nor do we feel that there is an irreconcilable conflict between the waiver provision in section 1915(a) and the unqualified language of section 1446(d). The seeming purpose of section 1915(a) is to waive in one stroke what would otherwise be obligations, rather than insert a separate exception in each provision imposing them. Compare 28 U.S.C. §§ 1917, 1921, which, like § 1446(d), do not expressly except litigants proceeding in forma pauperis. *Pasquarella v. Santos*, 416 F.2d 437-38 (1st Cir. 1969).

Accordingly, the Ninth Circuit has held that although the removal statute's bond requirement is expressed in mandatory terms, the district court has discretion as to whether to waive it for an indigent litigant. *City of Ashland v. Cooper* 863 F.2d 691, 692 -693 (C.A.9 (Or.),1988).

However, in the case at bar, the Court does not reach the issue of the bond requirement because the removing defendant fails to satisfy the indigence prong of §1915(a). He is currently receiving unemployment benefits of $1,600.00 per month and his spouse receives gross salary of $4,500.00 per month, net of $3,000.00 per month, for a total net monthly family income of $4600.00. Their 11-year-old son is dependent on them for support. Their expenses include rent of $2,300.00 per month, a car payment on a 2005 Buick LaCrosse of $450.00 per month, $400.00 for food, $250.00 for utilities and $100.00 for clothing. They have charge account payments for a total of $80.00, auto insurance of $300.00, a dentist's bill of $250.00. $150.00 for telephone and Internet and a loan repayment of $200. There is no indication of the terms of any of the debts. The family's total current monthly expenses are $4,480.00, which deducted from the income leaves a monthly surplus of $120.00 per month. The Court finds that Defendant's family expenses are less than his income and therefore he does not qualify as indigent for purposes of §1915(a). In addition, there is no indication when some of the debts may be paid off, releasing yet more income.

Accordingly, if Defendant had consented to this Court's jurisdiction, pursuant to 28 U.S.C. §636(c), this Court would deny the IFP application. However, a magistrate judge

**United States District Court**
For the Northern District of California

1  may not deny *in forma pauperis* status absent the consent of the party, because that would
2  be a dispositive ruling. *Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).
3       Therefore, this Court hereby refers this case for reassignment to an Article III judge,
4  with the recommendation that the IFP application be denied.
5       IT IS SO ORDERED.
6  DATED: November 13, 2009

                                                                   */s/ James Larson*
                                                         JAMES LARSON
                                         United States Magistrate Judge

12  G:\JLALL\CHAMBERS\CASES\CIVIL\09-5227-Ref-Reassign.wpd