UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DELBERT EVANS, et al.,

        Plaintiffs,

  v.

REV. JAMES ANDERSON, SR., et al.,

        Defendants.
_____/

No. C 09-5227 MHP

**ORDER OF REMAND**

      This action was removed to this court from the Superior Court of the County of Alameda, premised on this court's federal question jurisdiction. The notice of removal cites as the only basis for this court's jurisdiction that the complaint purports to assert claims under the United States Constitution and laws of the United States, specifically claims under 42 U.S.C. section 1983. There are no allegations of diversity jurisdiction set forth, nor could they be since it appears that all of the plaintiffs are of the same citizenship as defendant, namely California.

      A review of the face of the complaint, however, reveals no federal questions. The complaint alleges only a number of state law claims relating to the governance of a church of which plaintiffs are trustees and deacons. The claims asserted are purely state law claims of conversion, trespass and abuse of process. What is denominated the first claim is in fact a prayer for relief seeking an injunction. The mere fact that the claim for abuse of process mentions the First Amendment does not convert it into a First Amendment claim. None of the claims assert a violation of First Amendment rights and none of them makes any claim that can be construed as presenting a federal question.

1    This court cannot presume federal jurisdiction. The removal statute is strictly construed
2 against removal jurisdiction. Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as
3 to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).
4 Federal Rule of Civil Procedure 12(h)(3) places the burden on the court to always be mindful of its
5 jurisdiction and if at any time during the pendency of the action it determines that jurisdiction is
6 lacking the court must dismiss the action. This Circuit has also held that a court may raise the
7 question of jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

8    Here, there is no invocation of a federal question on the face of the complaint. Consequently,
9 since federal question jurisdiction does not appear on the face of plaintiffs' complaint, this court
10 lacks jurisdiction and it is appropriate to remand the action *sua sponte.*

11   An additional question arises given that there is an automatic stay in place pursuant to
12 11 U.S.C. section 362, the defendant having filed a petition in the Bankruptcy Court of this district.
13 However, where the district court lacks jurisdiction over the action filed before it the court is not
14 without power to remand the action and the stay does not deprive it of that power. *See, e.g., County*
15 *of Cook v. Mellon Stuart Co.*, 812 F. Supp. 793, 798 n.3 (N.D.Ill. 1992).

16   Accordingly, this action is REMANDED to the Superior Court of the County of Alameda
17 and the Clerk of Court shall transmit immediately a certified copy of this order to the Clerk of that
18 Court.

19   IT IS SO ORDERED.

20 Dated: January 5, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California